JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 16-2224-AG (JCGx) | Date | December 22, 2016 |
|---|---|---|---|
| Title | SCOTT C. BARKER v. COREY LEE BARKER ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER REMANDING CASE AND DENYING REQUEST TO PROCEED IN FORMA PAUPERIS**

This Unlawful Detainer action was recently removed to this Court by Defendnat Corey Lee Barker.

The Court **DENIES** Defendant's application and request to proceed in forma pauperis (Dkt. Nos. 2 & 3) and **REMANDS** this action to the California Superior Court for the County of Orange for lack of subject matter jurisdiction.

The Court must jealously guard its jurisdiction. *Olmos v. Residential Credit Sols., Inc.*, 92 F. Supp. 3d 954, 955 (C.D. Cal. 2015). This jealousy gets expressed in a lot of ways. First, federal courts start off assuming that cases are outside of their power to rule. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Courts require parties arguing for jurisdiction to establish otherwise. *Id.* Second, federal courts demand that parties arguing for jurisdiction address jurisdiction as soon as they get to the federal courthouse doors, in their complaints or notices of removal. *See* Fed. R. Civ. P. 8(a)(1); 28 U.S.C. § 1446(a). Third, federal courts may raise jurisdiction whenever they think it's a question, at any point in a case, on their own

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-2224-AG (JCGx) | Date | December 22, 2016 |
|---|---|---|---|
| Title | SCOTT C. BARKER v. COREY LEE BARKER ET AL. | | |

without the parties' involvement. *See* Fed. R. Civ. P. 12(h)(3). Fourth, federal courts are particularly skeptical of cases removed from state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The strong presumption against removal jurisdiction means that defendants have the burden of establishing, by a preponderance of evidence, that removal is proper. *See id.* Courts "strictly construe the removal statute against removal jurisdiction," so "[f]ederal jurisdiction must be rejected if there is any doubt" about jurisdiction. *Id.*

The Court has no subject matter jurisdiction over this case. The underlying action is an unlawful detainer proceeding, arising under and governed by the laws of the State of California. And every defendant is not alleged to be diverse from every plaintiff. 28 U.S.C. § 1332(a).

**DISPOSITION**

The Court **DENIES** Defendant's application and request to proceed in forma pauperis (Dkt. Nos. 2 & 3) and **REMANDS** this action to the California Superior Court for the County of Orange for lack of subject matter jurisdiction.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |